# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TERRY L. GREEN, | ) |
|        Petitioner, | ) |
| vs. | ) Case No. 14-CV-452-GKF-FHM |
| JOE M. ALLBAUGH, Director,[1] | ) |
|        Respondent. | ) |

## OPINION AND ORDER

Before the Court is the 28 U.S.C. § 2254 habeas corpus petition (Dkt. # 1) filed by Petitioner Terry L. Green, a state prisoner appearing pro se. Respondent filed a response to the petition and provided the state court record necessary for resolution of Petitioner's claims (Dkt. # 9). Petitioner filed a reply (Dkt. # 10). For the reasons discussed below, the petition is denied.

## *BACKGROUND*

Petitioner challenges his convictions and sentences entered in Tulsa County District Court, Case No. CF-2008-3443. In that case, on September 12, 2011, Petitioner entered blind pleas of no contest to Child Neglect (Count 1), Child Abuse (Count 2), and Possession of Marijuana (Count 4).[2] On December 14, 2011, the trial judge sentenced Petitioner to life imprisonment on both Counts 1 and 2, and three (3) years imprisonment on Count 4, and ordered the sentences to be served

---

[1] Petitioner is in custody at Lawton Correctional Facility, a private prison. Pursuant to Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts, the proper party respondent in this matter is Joe M. Allbaugh, Director of the Oklahoma Department of Corrections. Therefore, Joe M. Allbaugh, Director, is substituted in place of Robert C. Patton, Director, as party respondent. The Clerk of Court shall note the substitution on the record.

[2] Petitioner's co-defendant, Lakeisha Rae Oliver, was charged with one count of Child Neglect (Count 3). See www.cscn.net. On December 14, 2011, Oliver was sentenced on her plea of no contest to eight (8) years imprisonment, with all but the first five (5) years suspended. Id.

concurrently. At the time of his blind plea, Petitioner was represented by attorney Sharon Cole. See Dkt. # 9-2 at 1.

On December 23, 2011, Petitioner filed a motion to withdraw his pleas. Although attorney Cole asked to withdraw based on a "perceived conflict," see Dkt. # 9-7, Tr. Mot. Withdraw Hr'g I at 3, the trial judge denied counsel's motion and attorney Cole represented Petitioner at the hearing on the motion to withdraw pleas. At the conclusion of the hearing, held January 9, 2012, the trial judge denied the motion to withdraw pleas. Id. at 23. Represented by attorney Thomas Purcell, Petitioner filed a petition for writ of certiorari at the Oklahoma Court of Criminal Appeals (OCCA). See Dkt. # 9-8. On September 21, 2012, in Case No. C-2012-52 (Dkt. # 9-9), the OCCA granted the petition for writ of certiorari and remanded the case for rehearing on Petitioner's motion to withdraw plea with conflict-free counsel appointed to represent Petitioner.

On April 3, 2013, the trial judge held a second hearing on Petitioner's motion to withdraw pleas. At the second hearing, Petitioner was represented by attorney Lora Smart. See Dkt. # 9-10, Tr. Mot. Withdraw Hr'g II. At the conclusion of the second hearing, the trial judge again denied the motion to withdraw pleas. Id. at 47. Represented by attorney Richard Couch, Petitioner filed a petition for writ of certiorari at the OCCA. See Dkt. # 9-11. Petitioner raised one (1) proposition of error:

> Appellant's blind plea of no contest to child neglect and child abuse was involuntary by reason of ineffective assistance of counsel because his counsel misinformed him that by entering the blind plea the court would sentence him to less than fifteen (15) years. The trial court abused its discretion in not permitting Appellant to withdraw his blind plea of no contest.

See Dkt. # 9-11 at 2. In an unpublished summary opinion, filed January 28, 2014, in Case No. C-2013-388 (Dkt. # 9-12), the OCCA denied the petition for writ of certiorari.

2

Petitioner commenced this federal action by filing a pro se petition for writ of habeas corpus (Dkt. # 1). Petitioner alleges that "the state court review of Petitioner's motion for writ of certiorari to the OCCA was contrary to clearly established law as determined by the Supreme Court of the United States in Missouri v. Frye, and Boykin v. Alabama." See Dkt. # 1 at 6. In response to the petition, Respondent argues that Petitioner is not entitled to habeas corpus relief. See Dkt. # 9.

*ANALYSIS*

A.   **Exhaustion/Evidentiary Hearing**

As a preliminary matter, Court must determine whether Petitioner meets the exhaustion requirement of 28 U.S.C. § 2254(b). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Respondent concedes, see Dkt. # 9 at 2 ¶ 6, and the Court agrees, that Petitioner fairly presented his habeas claim to the OCCA on certiorari appeal. Therefore, the Court finds that Petitioner satisfied the exhaustion requirement of 28 U.S.C. § 2254(b).

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Cullen v. Pinholster, 563 U.S. 170, 184-85 (2011); Williams v. Taylor, 529 U.S. 420 (2000).

B.   **Claim adjudicated by the OCCA**

   **1. Standards of review**

On certiorari appeal, the OCCA adjudicated Petitioner's claim that ineffective assistance of counsel rendered his blind pleas of no contest unknowing and involuntary. Therefore, Petitioner's habeas claim will be reviewed pursuant to standards imposed by the Antiterrorism and Effective Death Penalty Act (AEDPA). Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 386 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). "Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of [the Supreme Court's] decisions." White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (citations omitted).

When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). An unreasonable application by the state courts is "not merely wrong; even 'clear error' will not suffice." White, 134 S. Ct. at 1702 (citing Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003)). The petitioner "'must show that the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" Id. (quoting Harrington v. Richter, 562 U.S. 86, 103 (2011)); see also Metrish v. Lancaster, 133 S. Ct. 1781, 1787 (2013).

"When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Richter, 562 U.S. at 99. Section 2254(d) bars relitigation of claims adjudicated on the merits in state courts and federal courts review these claims under the deferential standard of § 2254(d). Id. at 98; Schriro v. Landrigan, 550 U.S. 465, 474 (2007). Further, the "determination of a factual issue made by a State court shall be

4

presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## 2. Petitioner is not entitled to habeas corpus relief

As stated above, Petitioner argued on certiorari appeal that his blind pleas of no contest were rendered involuntary by ineffective assistance of counsel because counsel misinformed him that if he entered blind pleas, he would be sentenced to less than fifteen (15) years. See Dkt. # 9-11 at 11-15. On certiorari appeal, the OCCA denied relief, finding as follows:

> Green claims that his plea counsel, Cole, was ineffective in advising him to enter a blind plea based on her belief that he would receive a sentence of less than fifteen years. Green must show that counsel's representation fell below an objective standard of reasonableness, and show that but for counsel's errors there is a reasonable probability that the result of the proceeding would have been different. *Tate*, 2013 OK CR 18, ¶ 38, 313 P.3d at 284-85. In this context, Green must show a reasonable probability that he would have proceeded to trial rather than enter a blind plea. *Lewis*, 2009 OK CR 30, ¶ 9 n.14, 220 P.3d at 1143 n.14; *Lozoya v. State*, 1996 OK CR 55, ¶ 27, 932 P.2d 22, 31; *Hill v. Lockhart*, 474 U.S. 52, 58-59, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985). Taken as a whole, the record does not show that, if plea counsel misadvised Green that he would receive a sentence of less than fifteen years, he relied on that advice to the extent that he would have proceeded to trial absent counsel's advice. *Hill*, 474 U.S. at 60, 106 S. Ct. at 371. Green has not shown counsel was ineffective, and the trial court did not abuse its discretion in denying his motion to withdraw his plea.

See Dkt. # 9-12 at 2-3.

In Boykin v. Alabama, 395 U.S. 238 (1969), the Supreme Court held that a guilty plea must be entered into "knowingly and voluntarily." See also Parke v. Raley, 506 U.S. 20, 28-29 (1992). A plea is not voluntary unless the defendant knows the direct consequences of his decision, including the maximum penalty to which he will be exposed. Worthen v. Meachum, 842 F.2d 1179, 1182 (10th Cir.1988) (stating that critical inquiry is whether defendant knows of maximum possible sentence), *overruled on other grounds*, Coleman v. Thompson, 501 U.S. 722 (1991). Although a

5

petitioner's statements made at the guilty plea hearing "are subject to challenge under appropriate circumstances," they constitute "a formidable barrier in any subsequent collateral proceeding." United States v. Maranzino, 860 F.2d 981, 985 (10th Cir. 1988) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)); see also Romero v. Tansy, 46 F.3d 1024, 1033 (10th Cir. 1995). A strong presumption of reliability is accorded a defendant's in-court statements, made when the plea was entered, concerning the voluntariness of the plea and his satisfaction with his attorney's performance. Blackledge, 431 U.S. at 73-74. "Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Id. at 74.

Petitioner alleges his pleas were involuntary as a result of ineffective assistance of counsel. To establish ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Richter, 562 U.S. at 104; Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 689. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689; see also Pinholster, 563

6

U.S. at 190 (noting that a habeas court must take a "highly deferential" look at counsel's performance under Strickland and through the "deferential lens" of § 2254(d)).

To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; see also Harrington, 562 U.S. at 104. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999). If Petitioner is unable to show either "deficient performance" or "sufficient prejudice," his claim of ineffective assistance fails. See Strickland, 466 U.S. at 700. Thus, it is not always necessary to address both Strickland prongs. Petitioner bears the burden of demonstrating that the OCCA unreasonably applied Strickland.

In Hill v. Lockhart, 474 U.S. 52 (1985), the Supreme Court held that Strickland applies to challenges to guilty pleas based on ineffective assistance of counsel. In accord with Strickland, a defendant challenging the assistance of counsel during the guilty plea process must show counsel's performance was deficient and that such deficient performance prejudiced him. Id. at 57-58. As the Court stated in Hill,

> [i]n the context of guilty pleas, the first half of the Strickland v. Washington test is nothing more than a restatement of the standard of attorney competence . . . . The second, or 'prejudice,' requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

Id. at 58-59.

Furthermore, as the Supreme Court explained in Missouri v. Frye, 566 U.S. 133 (2012), "Hill does not [ ] provide the sole means for demonstrating prejudice arising from the deficient performance of counsel during plea negotiations." Id. at 148. In Frye, the defendant argued that, with effective assistance of counsel, he would have accepted an earlier plea offer from the state instead of entering a blind plea. Id. As the Court explained,

> [i]n a case, such as this, where a defendant pleads guilty to less favorable terms and claims that ineffective assistance of counsel caused him to miss out on a more favorable plea offer, Strickland's inquiry into whether 'the result of the proceeding would have been different,' requires looking not at whether the defendant would have proceeded to trial absent ineffective assistance but whether he would have accepted the offer to plead pursuant to the terms earlier proposed.

Id. (internal citations omitted). The Supreme Court has noted this prejudice analysis applies "where a plea offer has lapsed or been rejected because of counsel's deficient performance." See id. at 147; see also Lafler v. Cooper, 566 U.S. 156, 164 (2012).

Here, Petitioner alleges that the OCCA applied an incorrect standard in reviewing his claim on certiorari appeal. Specifically, Petitioner states, without elaboration, that the OCCA's ruling was contrary to clearly established law as set forth in Missouri v. Frye, and Boykin v. Alabama. However, in Frye, the defendant argued that his attorney provided ineffective assistance in failing to communicate an earlier plea offer made by the State and that, but for counsel's failure, he would have accepted the earlier plea offer rather than entering a blind plea of guilty. In this case, Petitioner does not allege that his attorney provided ineffective assistance in failing to communicate any plea offer made by the State. Thus, this case is distinguishable from Frye and the standard for evaluating prejudice is that announced in Hill, i.e., Petitioner must demonstrate that, but for counsel's errors, he would not have entered his blind pleas of no contest and would have insisted on going to trial.

8

In his request for relief, Petitioner asks that, because ineffective assistance of counsel rendered his pleas of no contest involuntary, he be allowed to withdraw his pleas and proceed to trial. See Dkt. # 1 at 7. "[A] petitioner's 'mere allegation' that he would have insisted on trial but for his counsel's errors, although necessary, is ultimately insufficient to entitle him to relief." Miller v. Champion, 262 F.3d 1066, 1072 (10th Cir. 2001). Rather, the Court "look[s] to the factual circumstances surrounding the plea to determine whether the petitioner would have proceeded to trial." Id.

The record refutes Petitioner's claims that did not understand the consequences of his blind pleas and that his attorney promised that he would receive a sentence of less than fifteen (15) years. On the "Plea of Guilty Summary of Facts" form, see Dkt. # 9-2, Petitioner denied that anyone had promised him anything as an inducement to entering his pleas. Id. at 3, ¶ 29. Petitioner also understood that "if there is no plea agreement the court can sentence you within the range of punishment" for the crimes. Id. at ¶ 25. Petitioner stated that he understood the maximum punishment for the crimes charged in Counts 1 and 2 was life imprisonment. Id. at 2, ¶ 16. In addition, Petitioner averred, under oath, that he was satisfied with his attorney's advice and assistance. Id. at 3, ¶ 21.

At the hearing on his change of plea, Petitioner told the trial judge, under oath, that he understood the nature and consequences of the proceeding, that he understood he had an absolute right to a jury trial, that he understood there was no recommendation from the State, that he had discussed his options with his attorney, that he understood his crimes were "85% crimes," and that he faced up to life imprisonment on both the charge of Child Neglect and the charge of Child Abuse. See Dkt. # 9-1, Tr. Change of Plea Hr'g at 4-8. In contrast to the allegations made in the habeas

9

petition, Petitioner twice stated under oath at the change of plea hearing that no one had coerced or forced him to change his pleas. Id. at 9, 12. Petitioner also affirmed his understanding that, because it was a blind plea with no recommendation from the State, the trial judge would decide the punishment. Id. at 9. After the trial judge established a factual basis for the pleas,[3] the judge accepted the pleas of no contest. Id. at 12.

Based on the record cited above, it is clear that Petitioner was fully informed of the consequences of his pleas of no contest, that he understood that there was no plea agreement, and that he understood the trial court could impose maximum sentences of life imprisonment on the charges of Child Abuse and Child Neglect. In addition, Petitioner's attorney testified at the second hearing on the motion to withdraw pleas that, even though she had expressed to Petitioner her opinion that he would get less than fifteen (15) years on a blind plea, see Dkt. # 9-10, Tr. Mot. Withdraw II at 14, she also explained to Petitioner that she "could not promise what sentence he would receive but that the judge could sentence anywhere within the range," or up to life imprisonment, id. at 16. When Petitioner testified at the first hearing on his motion to withdraw pleas, he was unable to remember what he and his attorney talked about on the day he entered his blind pleas. See Dkt. # 9-7, Tr. Mot. Withdraw Hr'g I at 8-12. Other than Petitioner's conclusory allegation, there is no evidence in the record demonstrating that trial counsel promised or guaranteed Petitioner that the trial judge would impose a sentence of less than fifteen years if he entered blind

---

[3] The judge read the following offer of proof into the record: "If the State were to go to jury trial, they would prove that on or about between June 30th of '08 and July 1st of '08, the Defendant blew marijuana smoke into the mouth of four-year-old K.M., a child for whom he was a person responsible for care. He then . . . failed to provide medical care for K.M. when [he] knew or reasonably should have known that K.M. was in need of such medical care. The Defendant . . . also was in possession of marijuana." See Dkt. # 9-1, Tr. Change of Plea Hr'g at 10-11.

pleas of no contest. At the conclusion of the second hearing on Petitioner's motion to withdraw pleas, the trial judge made a finding of fact that Petitioner's blind pleas of no contest were knowingly and voluntarily entered, that Petitioner understood that the range of punishment was up to life imprisonment, and that he was not forced or coerced to enter the blind pleas. See Dkt. # 9-10, Tr. Mot. Withdraw Hr'g II at 47. Petitioner fails to present clear and convincing evidence to rebut the state court judge's finding of fact that Petitioner's pleas of no contest were knowingly and voluntarily entered. Therefore, the finding of fact is presumed correct. 28 U.S.C. § 2254(e)(1).

In addition, even if counsel performed deficiently in advising Petitioner to enter blind pleas, Petitioner has not convinced the Court that but for counsel's errors, he would not have entered blind pleas and would have insisted ongoing to trial. Hill, 474 U.S. at 58–59. Significantly, Petitioner's mere self-serving statement that he would have insisted on proceeding to trial, is not enough. Cf. Heard v. Addison, 728 F.3d 1170, 1184 (10th Cir. 2013) ("[W]e remain suspicious of bald, post hoc and unsupported statements that a defendant would have changed his plea absent counsel's errors, and if the defendant can muster no other evidence of how he would have responded if he had received effective assistance of counsel, the inquiry will focus on the objective evidence."). The record here demonstrates that, at the first hearing on Petitioner's motion to withdraw pleas, Petitioner testified that he wanted to withdraw his pleas of no contest "to lower my sentence down," and that he wanted the judge "to work a deal with me . . . to lower my sentence down." See Dkt. # 9-7, Tr. Mot. Withdraw Hr'g I at 13-14. That testimony contradicts any claim that because Petitioner's blind pleas of no contest were rendered involuntary by ineffective assistance of counsel, he wished to withdraw his pleas and proceed to trial. Instead, Petitioner simply wanted to negotiate lower sentences. Petitioner also testified that he did not want to proceed to trial because the jury "was

11

going to railroad me." Id. at 7. As the record is devoid of evidence supporting the assertion that, but for counsel's allegedly deficient performance, Petitioner would have insisted on proceeding to trial, the OCCA's conclusion that Petitioner had not demonstrated prejudice was not contrary to, and did not involve an unreasonable application of, Hill and Strickland. Petitioner's request for habeas corpus relief shall be denied.

C.  **Certificate of Appealability**

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's application of AEDPA standards to the decision by the OCCA is debatable among jurists of reason. See Dockins v. Hines, 374 F.3d 935, 938 (10th Cir. 2004). A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1.  The Clerk of Court shall note the substitution of Joe M. Allbaugh, Director, in place of Robert C. Patton, Director, as party respondent.

2. The petition for writ of habeas corpus (Dkt. # 1) is **denied**.

3. A separate judgment in favor of Respondent shall be entered in this matter.

4. A certificate of appealability is **denied**.

**DATED** this 19th day of June, 2017.

_____
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT